```
                UNITED STATES DISTRICT COURT
                 MIDDLE DISTRICT OF FLORIDA
                       TAMPA DIVISION
```

MARVIN PALMER,

        Plaintiff,

v.                                Case No. 8:14-cv-1069-T-33AEP

INSTRUMENT TRANSFORMER, INC.,

        Defendant.
_____/

**ORDER**

This matter comes before the Court *sua sponte*. On May 6, 2014, Marvin Palmer filed a Complaint (Doc. # 1) and a Construed Memorandum in Support of the Complaint (Doc. # 2). Upon review of these documents, the Court determines that it lacks subject matter jurisdiction over this matter and thus dismisses this case.

**Discussion**

"A federal court not only has the power but also the obligation at any time to inquire into jurisdiction whenever the possibility that jurisdiction does not exist arises." Fitzgerald v. Seaboard Sys. R.R., Inc., 760 F.2d 1249, 1251 (11th Cir. 1985); Hallandale Prof'l Fire Fighters Local 2238 v. City of Hallandale, 922 F.2d 756, 759 (11th Cir. 1991) (stating "every federal court operates under an independent

obligation to ensure it is presented with the kind of concrete controversy upon which its constitutional grant of authority is based").

Moreover, federal courts are courts of limited jurisdiction. Taylor v. Appleton, 30 F.3d 1365, 1367 (11th Cir. 1994). "[B]ecause a federal court is powerless to act beyond its statutory grant of subject matter jurisdiction, a court must zealously [e]nsure that jurisdiction exists over a case, and should itself raise the question of subject matter jurisdiction at any point in the litigation where a doubt about jurisdiction arises." Smith v. GTE Corp., 236 F.3d 1292, 1299 (11th Cir. 2001). Federal question jurisdiction requires that a party assert a substantial federal claim. Hagans v. Lavine, 415 U.S. 528, 536 (1976); see also Baker v. Carr, 369 U.S. 186, 199 (1962) (holding that if jurisdiction is based on a federal question, the plaintiff must show that he has alleged a claim under federal law that is not frivolous).

Construing Mr. Palmer's documents liberally due to his *pro se* status, the Court reaches the inescapable conclusion that this case is due to be dismissed. Although Mr. Palmer references federal statutes, such as Title VII of the Civil Rights Act of 1964, a mere reference to federal law is not enough to establish federal question jurisdiction. A case

2

"arises under" federal law where federal law creates the cause of action or where a substantial disputed issue of federal law is a necessary element of a state law claim. See <u>Franchise Tax Bd. of Cal. v. Constr. Laborers Vacation Trust for S. Cal.</u>, 463 U.S. 1, 9-10 (1991). In this case, none of the documents filed by Mr. Palmer identify any federal issue upon which the Court could predicate the exercise of its federal question jurisdiction.

Having determined that the Court lacks jurisdiction, the Court dismisses this case.

Accordingly, it is hereby

**ORDERED, ADJUDGED,** and **DECREED:**

(1) This case is dismissed for lack of subject matter jurisdiction.

(2) The Clerk is directed to **CLOSE** this case.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 8th day of May, 2014.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies: All parties of record

3