UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MARVIN PALMER,

    Plaintiff,

v.                               Case No. 8:14-cv-1069-T-33AEP

INSTRUMENT TRANSFORMER, INC.,

    Defendant.
_____/

**ORDER**

This cause comes before the Court in consideration of *pro se* Plaintiff Marvin Palmer's Motion for Reconsideration (Doc. # 7), filed on June 24, 2014. For the reasons stated below, the Court denies the Motion.

**Discussion**

It is within the Court's discretion to grant a motion for reconsideration. Lussier v. Dugger, 904 F.2d 661, 667 (11th Cir. 1990). Arguments in favor of granting reconsideration must be balanced against the desire to achieve finality in litigation. Id. As stated in Florida College of Osteopathic Medicine, Inc. v. Dean Witter Reynolds, Inc., 12 F. Supp. 2d 1306, 1308 (M.D. Fla. 1998), "[a] motion for reconsideration must demonstrate why the

court should reconsider its past decision and set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." Further, "in the interests of finality and conservation of scarce judicial resources, reconsideration is an extraordinary remedy to be employed sparingly." <u>Lamar Adver. of Mobile, Inc. v. City of Lakeland</u>, 189 F.R.D. 480, 489 (M.D. Fla. 1999).

This Court recognizes three grounds to justify reconsideration of a prior order under Federal Rule of Civil Procedure 59(e): "(1) an intervening change in controlling law; (2) the availability of new evidence, and (3) the need to correct clear error or manifest injustice." <u>Fla. College of Osteopathic Med., Inc.</u>, 12 F. Supp. 2d at 1308. In deciding a motion for reconsideration, "[t]his Court will not reconsider its judgment when the motion for reconsideration fails to raise new issues but, instead, relitigates that which the Court previously found lacking." <u>Ludwig v. Liberty Mut. Fire Ins. Co.</u>, No. 8:03-cv-2378-T-17MAP, 2005 U.S. Dist. LEXIS 37718, at *8 (M.D. Fla. Mar. 30, 2005). In addition, "a motion for reconsideration is not the proper forum for the party to vent dissatisfaction with the Court's reasoning." <u>Id.</u> at *11 (internal citation and quotation omitted).

In the present Motion, Plaintiff requests that this Court reconsider its Order dismissing the case for lack of subject matter jurisdiction. (See Doc. # 5). However, the Court finds that Plaintiff has failed to meet his burden of demonstrating the grounds necessary to allow this Court to reconsider its Order. Plaintiff does not assert that there has been an intervening change in the law and presents no new evidence. In addition, Plaintiff fails to demonstrate that reconsideration is necessary to prevent manifest injustice or clear error. Instead, Plaintiff uses this Motion as a vehicle to relitigate issues already decided by this Court; namely, whether this Court has subject matter jurisdiction over this action.

The Court stands behind its May 8, 2014, Order (Doc. # 5), which dismissed this case for lack of subject matter jurisdiction. This Court gave careful consideration to the allegations set forth in Plaintiff's Complaint and held, as it does today, that it lacks subject matter jurisdiction over this action.

Accordingly, it is hereby

**ORDERED, ADJUDGED,** and **DECREED:**

Plaintiff Marvin Palmer's Motion for Reconsideration (Doc. # 7) is **DENIED.**

3

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this <u>25th</u> day of June, 2014.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies to: All Counsel and Parties of Record